

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONALD WAYNE MAIER,

    Plaintiff,

v.   Case No. 06-C-760

JUDGE GARY CARLSON,
JUDGE ED ZAPPEN, DA GREG LAMBERT
JUDGE JAMES MASON, and
SPECIAL PROSECUTOR DARWIN ZWIEG,

    Defendants.

## ORDER

On July 14, 2006, plaintiff Donald Maier filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 along with a petition for leave to proceed *in forma pauperis*. On July 19, 2006, pursuant to the Prison Litigation Reform Act, the court ordered the plaintiff to pay an initial partial filing fee of $ 1.00 within 21 days. *See* 28 U.S.C. §1915(b)(1)(B). The court's July 19, 2006, order also contained the following Notice to Plaintiff:

> If you do not wish to pay the filing fee as set forth in this order or do not wish to proceed with this action to avoid incurring a "strike" under § 1915(g), you must notify the court by writing a letter to the clerk within 21 days of the date of this order stating that you do not wish to prosecute this civil action. If you write such a letter, this case will be dismissed without prejudice. Voluntary dismissal will not be counted as a "strike" under § 1915(g).

(Order of July 19, 2006, at 2.)

On July 26, 2006, the plaintiff paid the initial partial filing fee of $1.00. However, shortly thereafter by later dated August 3, 2006, the plaintiff asked the clerk of court to put his case "on hold" because such an action would "jeopardize" his appeal in another case. Thereafter, by letter

dated August 4, 2006, the plaintiff reiterated his request "to put [the case] on hold right now for "about 2 to 6 months."

A plaintiff is permitted to voluntarily dismiss his action without leave of court "any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . " Rule 41(a)(1), Federal Rules of Civil Procedure. Unless otherwise stated, such dismissals are without prejudice. Suits that are voluntarily dismissed, without prejudice, in accordance with Rule 41(a)(1), are treated as if they have never been filed. *See Beck v. Caterpillar, Inc.*, 50 F.3d 405, 407 (7th Cir. 1995). Hence, if a plaintiff wishes to pursue claims advanced in that suit, he can refile the complaint. *See Beck v. Caterpillar*, 855 F. Supp. 260, 264 (C.D. Ill. 1994), aff'd, 50 F.3d 405 (7th Cir. 1995).

Because the plaintiff's letters indicate that he does not wish to proceed with his action at this time and the complaint has not yet technically been filed, the best course is to treat the plaintiff's letters as a notice of voluntary dismissal. *See Lazaris v. Springs*, 2005 WL 1530283 *1 (W.D. Wis. 2005) (in *pro se* prisoner cases which are subject to the screening requirement of 28 U.S.C. §1915A, the complaint is considered filed once it has been screened.) This course will allow the plaintiff the opportunity to refile his complaint after the conclusion of the appeal to which he refers, if he so chooses. *See Beck*, 855 F. Supp. at 264. In accordance with the notice given to the plaintiff in the July 19, 2006, order, this voluntary dismissal will not be counted as a "strike" under §1915(g). Further, the court will order the clerk of court to refund the plaintiff the $1.00 initial partial filing fee that he paid on July 26, 2006, because the complaint was not technically filed when plaintiff filed his notice of voluntary dismissal and his request was made within the 21 day period set by the court to obtain voluntary dismissal.

2

Case 2:06-cv-00760-WEC   Filed 08/14/06   Page 2 of 3   Document 6

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's letter dated August 3, 2006, (Docket #4) and August 4, 2006, (Docket #5) be and hereby shall be treated as a notice of voluntary dismissal of the action under Rule 41(a)(1), Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that this dismissal will not be counted as a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the clerk of court refund the initial partial filing fee of $1.00 to the plaintiff.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin this 14th day of August, 2006.

BY THE COURT:

WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

3